[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 17, 2006
THOMAS K. KAHN
CLERK

No. 05-14189
Non-Argument Calendar

_____

Agency No. A95-230-330

CASSANDRE DESROSIERS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 17, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Cassandre Desrosiers petitions for review of the Board of Immigration

Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) order finding

her removable and denying her application for asylum, withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Desrosiers challenges the IJ's adverse credibility determination. She contends the Fanmi Lavalas persecuted her in Haiti on account of her political activity and she has a well-founded fear of persecution. We deny her petition.

## I. STANDARD OF REVIEW

We review the IJ's decision as if it were the BIA's because the BIA expressly adopted the IJ's findings. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the IJ's decision was based on a legal determination, our review is de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the [IJ's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1283-84 (citation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

## II. DISCUSSION

2

A.  *Adverse credibility finding*

Desrosiers first argues the IJ's adverse credibility determination is not supported by substantial evidence as it was based on minor inconsistencies regarding specific dates, improper reliance on gaps in the testimony, and testimony that was not truly inconsistent.  Further, some inconsistencies can be attributed to her poor understanding of the English language.

An alien's testimony, if credible, may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration.  8 C.F.R. §§ 208.13(a), 208.16(b).  "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application."  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).  "The weaker the applicant's testimony, however, the greater the need for corroborative evidence."  *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).  When the IJ enumerates an applicant's inconsistencies and is supported by the record, we "will not substitute our judgment for that of the IJ with respect to its credibility findings."  *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004).  Although we have not directly addressed the issue, both the Third and the Ninth Circuits have held an adverse credibility finding must go to the "heart of the asylum claim," and not be based on minor discrepancies, inconsistencies, and omissions.  *See Gao v.*

3

*Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002); *Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir. 1999). Further, an adverse credibility determination does not alleviate the IJ's duty to consider all of an applicant's evidence. *Forgue*, 401 F.3d at 1287.

The IJ's adverse credibility determination, to the extent it addressed Desrosiers' testimony concerning her political activity, was supported by substantial evidence. The IJ cited several inconsistencies in Desrosiers' account of her political activity including: (1) her statements related to the Patriotte Uni Pour La Democracy D, Haiti (PUDH), the Convergence Party (CP), and Gerard Gourgue's leadership of the PUDH; and (2) her statements related to when she joined the PUDH. Desrosiers stated the PUDH was part of the CP, and essentially the same organization. The documentary evidence did not support this assertion. The only document linking the PUDH and the CP was Desrosiers' ID card. However, erasure smudges and incomplete seals contained on the card supported the conclusion the card was not authentic. Other documents, which failed to identify PUDH as part of CP, supported a conclusion PUDH did not exist. Desrosiers also stated she joined the PUDH in 1997, but later testified she joined the group in 2000. These inconsistencies cut to the heart of her claim as they concern the length and extent of Desrosiers' political activity. Accordingly, the IJ's finding that Desrosiers was not credible with regard to her political activity

4

was supported by substantial evidence, and Desrosiers presented no evidence compelling a reversal of this determination.[1] However, as the IJ based his ultimate conclusion on Desrosiers' lack of evidence, the adverse credibility finding was not determinative.

B. *Asylum*

Next, Desrosiers argues she was eligible for asylum under the INA because she was persecuted by the Lavalas party on account of her political opinion. Specifically, she argues she suffered past persecution and has a well-founded fear of future persecution because of the abduction of her and her brother, her attempted rape by one of the kidnapers, and her brother's continued disappearance, all of which was on account of their political activism.

_____

[1] However, the IJ's findings that Desrosiers' was not credible when she testified regarding how long she was held captive by her abductors, the identity of her abductors, and whether or not she was raped were not supported by substantial evidence. Desrosiers' repeatedly stated she was held for three days by the men who abducted her and her brother on July 13, 2001. However, she also stated in her credible fear interview that the date of her release was "like the 18th of July. . ." The IJ's finding these statements were inconsistent was not supported by substantial evidence as she consistently maintained she was only held for three days and never stated a definite release date, only that it was on or about July 18, 2001. The IJ's finding her testimony was inconsistent with regards to the descriptions of the men who abducted her and her brother is also not supported by substantial evidence. The descriptions, ranging from soldiers, to armed men in uniform, to armed men dressed in CIMO uniforms, all essentially describe armed men dressed in uniform. Further, it appears the IJ did not consider the United States State Department Country Report, which noted after the military disbanded, former personnel made their way into the national police force, including the CIMO unit, which carries out mistreatment of political opponents. In addition, Desrosiers' single statement she was raped, which was immediately corrected once her attorney explained the meaning of "rape" in the context of American law, is not substantial evidence supporting a finding her multiple, consistent accounts of this incident were not credible.

5

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." *Id.* § 1158(b)(1). A "refugee" is defined in the INA as:

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . political opinion . . . .

*Id.* § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b).

Substantial evidence supports the IJ's decision Desrosiers did not suffer past persecution on account of a protected ground. The IJ found Desrosiers' testimony concerning her political involvement was incredible, and, as explained above, this finding was supported by substantial evidence. As Desrosiers provided no compelling testimony or documentation that her captors were motivated by her political opinion, her past persecution claim fails. With regard to a well-founded fear of future persecution, Desrosiers has pointed to no credible evidence

6

compelling a finding she would be persecuted on account of her political opinion by the Lavalas if she were returned to Haiti.

C. *Withholding of removal and CAT relief*

Desrosiers further asserts she was eligible for withholding of removal and CAT relief. The evidentiary burdens for withholding of removal and relief under the CAT are greater than that imposed for asylum, accordingly, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal or relief under the CAT. *Al Najjar*, 257 F.3d at 1292-93, 1303. Desrosiers' withholding of removal claims and CAT claims fail, as she did not establish eligibility for asylum, which carries a lower burden of proof.

## III. CONCLUSION

Desrosiers has not shown she was persecuted or has a well-founded fear of persecution on account of a protected ground. Thus, she is not entitled to asylum, withholding of removal, or relief under the CAT.

PETITION DENIED.